United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEODORA MARGOTH MEMBRENO VIGIL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4673 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

Teodora Margoth Membreno Vigil ("Petitioner"), a citizen of El Salvador, entered the United States without inspection on an unknown date.[1] On November 18, 2025, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody.[2] Petitioner remains in immigration custody.

Pending before the court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition") (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates due process and equal protection.[3] Petitioner also alleges an as-applied challenge.[4] Also pending before the court

[1]Record of Deportable/Inadmissible Alien, Exhibit 1 to Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 5-1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Habeas Petition, Docket Entry No. 1, pp. 5–11 ¶¶ 20–52. Petitioner also argues that her detention without a bond hearing is arbitrary and capricious under the Due Process Clause of the Fifth Amendment. Id. at 11–12 ¶¶ 53–59. This claim will be addressed as part of Petitioner's (continued...)

is Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 5) as amended by Reply to Petitioner's Response to Respondents' Motion for Summary Judgment (Docket Entry No. 8). Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process or equal protection because she is an applicant for admission.[5] Petitioner has filed a response.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because

---

[3](...continued)
broader Due Process claim. See Betancourth v. Tate, CIVIL ACTION NO. 4:26-cv-01169, 2026 WL 638482, at *1 n.2 (S.D. Tex. Mar. 6, 2026). However, to the extent that Petitioner alleges this claim under the Administrative Procedure Act, it is foreclosed as a matter of law. Garcia v. Venegas, CIVIL ACTION NO. 1:26-CV-266, 2026 WL 1580638, at *1 n.3 (S.D. Tex. Jun. 2, 2026).

[4]Habeas Petition, Docket Entry No. 1, p. 13 ¶¶ 60–64. Petitioner's as-applied challenge fails because "[s]he presents no authority to support h[er] claim that h[er] circumstances present a viable as-applied due process challenge" and because § 1225(b)(2) authorizes her continued detention. Garcia, 2026 WL 1580638, at *2.

[5]Reply to Petitioner's Response to Respondents' Motion for Summary Judgment, Docket Entry No. 8, pp. 5–12; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 5, pp. 3–6.

[6]Petitioner's Response to Respondents' Motion for Summary Judgment and Reply in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6.

Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "Fifth Amendment equal protection claim is unavailing because [s]he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and [s]he does not state facts to show that [s]he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez."[7] Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) as amended by Reply to Petitioner's Response to Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 17th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[7]Although Petitioner argues that noncitizens who overstayed their visas are a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, "Petitioner is comparing herself to a distinct group of noncitizens who are in removal proceedings on entirely different grounds." Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 5, p. 5 (explaining that "entry into the United States without inspection is a criminal offense, [while] overstaying a visa is a civil infraction").